59,676-08

June 8, 2015

The District Clerk of Williamson County
Lisa David
P.O. Box 24
Georgetown, Texas 78627

RE: Ex parte Charles Christopher Lancaster
    cause no. 95-040-K277A WR-59,676-07

Dear Clerk,
      Please find enclosed for filing in the above styled and
numbered cause, the Applicant's Objections to: Trial Court
Findings of Fact and Conclusions of Law. Please bring this to the
attention of the Honorable Stacey Mathews, the Presiding Judge in
the 277th Judicial District Court of Williams County, Texas.
Please include the enclosed documents with the Record in the
habeas record forwarded to the Court of Criminal Appeals. If the
record has already been forwarded in the instant case, please
forward a supplemental record for consideration in said Honorable
Court. The enclosed objections demonstrate continuing
incarceration on the instant sentence until June 28, 2015. I
though it prudent to alert the Court as to it's erroneous
judgements in the instant case.
      Further, would you please bring this to the attention of the
Honorable John C. Prezas, A.D.A.
      By copy of this letter I serve a copy to the Texas Court of
Criminal Appeals at Austin, Texas. This to ensure the facts of
the case are heard.
Thank you for your time,

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 22 2015

Abel Acosta, Clerk

Charles Christopher Lancaster
TDCJ-ID # 1256143
Eastham State Farm
2665 Prison Road # 1
Lovelady, Texas 75851

cc/ file
      The Texas Court of Criminal Appeals

P.S. Please file mark date stamp the enclosed copy of this letter
and return to me in the S.A.S.E. provided for your convenience.

Cause No. 95-040-K277A

Ex parte                                    §        IN THE 277th JUDICIAL
CHARLES CHRISTOPHER LANCASTER,   §            DISTRICT COURT OF
     Applicant                              §     WILLIAMSON COUNTY, TEXAS

## APPLICANT'S OBJECTIONS TO:
## TRIAL COURT FINDING OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Charles Christopher Lancaster, "Applicant" and objects to the Trial Court's erroneous finding of fact and conclusions of law entered on May 22, 2015, in the above-styled and numbered cause, and would respectfully show this Honorable Court the following:

## I.

This Honorable Court after reviewing the pleadings of the Applicant, and the State, entered several erroneous Findings of Fact, and Factual Findings within the Conclusions of Law. These Findings are not supported by the record in this case, and are based upon the State's Proposed Findings of Fact and Conclusions of Law which do not properly reflect the factual and legal precepts of the instant case.

The Applicant at this time notifies this Honorable Court of these erroneous Findings contained within it's Order issued on May 22, 2015, and respectfully request this Honorable Court reevaluate his pleadings, and reform the Order to speak the truth in all instances.

## II.

## ERRONEOUS FINDINGS OF FACT

This Honorable Court entered Nine (9) Findings of Fact under

Page 1

paragraph "III. **FINDINGS OF FACT**". The Applicant demonstrates the following findings of fact are factually incorrect.

At Finding of Fact 4. the Court found:

4. This Court observes that Applicant's sentence in this case has since expired.

The Finding of Fact at "4." is factually incorrect, as the following factual events occurred to prevent the sentence from expiring on December 31, 2014:

On July 5, 2001, the Applicant made parole and was released from the custody of the Texas Department of Criminal Justice – Institutional Division (TDCJ-ID). At this point the earning of time on the instant sentence ceased to accrue. The sentence did not begin to accrue time again until January 7, 2002, when the Texas Board of Pardons and Parole issued a "Blue Warrant" to revoke said parole. Therefore, the Applicant's sentence was extended approximately Five (5) months and twenty three (23) days.

The Applicant has made a request to the TDCJ-ID's Official responsible for said information, and discovered that the Maximum expiration date in the instant case is in actuality **June 23, 2015**. Thus, the Court's finding on May 22, 2015, is incorrect. Less there be any doubt as to this factual issue, the Applicant has attached an Original Inmate Request Form (I-60) to the Application at Exhibit – A1, demonstrating the official expiration date as of record with TDCJ-ID.

Next, at Finding of Fact 5. the Court found:

5. Applicant does not plead nor prove any confinement resulting from his conviction.

The Finding of Fact at "5.," is incorrect as, it is not necessary for the Applicant to plead or prove confinement on an active case. As demonstrated above concerning finding "4." the maximum expiration date of the instant sentence is June 23, 2015. At the time of signing of the instant Finding of Fact and Conclusions of Law by the Court on May 22, 2015, there was an entire month remaining on the sentence and five months remaining upon the filing of the Application for Writ of Habeas Corpus on February 25, 2015. Therefore, factually the Applicant on February 25, 2015, was still under judgement and the instant case are subject to jurisdiction under Texas Code of Criminal Procedure art. 11.07 § 3.

But, less there be any doubt, on or about May 23, 2003, the Applicant received an order in cause no. 02-275-K277, to run the case "CONSECUTIVELY [stacked] to cause no. 95-039-K277 and 95-040-K277, the defendant's parole revocation cases." (See, Exhibit - B1) As such, cause no. 02-275-K277 has not earned a single day credit since May 23, 2003, and had only accrued 509 days prior to the judgement. Thereby, directly demonstrating continuing confinement as a result of the instant conviction. As minus the instant case, the Applicant would have all but completed cause no. 02-275-K277. However, the stacked sentence has prevented the Applicant from earning time in cause no. 02-275-K277, as a direct result of the instant cases.

Next, the Finding of Fact at 8. the Court found:

8. There is no evidence before this Court that the State in this case at any point failed to disclose any evidence to Applicant, or that the State was previously aware of the claims only now presented by Applicant.

Page 3

The Finding of Fact at "8." is in direct contention with the affidavits filed by the victim in the instant case. The Applicant directs the Court to the multiple affidavit's -- four in each case -- demonstrating the knowledge of the prosecution in the instant cases concerning the actual innocence of the Applicant. Therefore, there can be no doubt that this Finding of Facts is erroneous, as the Court has sufficient evidence in the instant case demonstrating Applicant's actual innocence of the crime alleged in the indictments.

Next, at Finding of Fact 9. the Court found:

> 9. Applicant is currently incarcerated in TDCJ under a life sentence, as a result of one of his five felony convictions subsequent to his plea in this case.

The Finding of Fact at "9." is incorrect in it's factual recitation concerning the alleged "five felony convictions subsequent to his plea in this case." It is true, the Applicant is currently incarcerated in TDCJ under a life sentence, however, this is not as a result of this felony conviction, nor is the life sentence challenged within this claim. Further, one of the five subsequent convictions, is in actuality prior to the instant cases.

In cause no. 7730, from the 21st Judicial District Court of Bastrop County, Texas, the Applicant was sentenced to nine (9) years in TDCJ-ID. Although the judgement in cause no. 7730 was signed on May 30, 1995, -- a mere 81 days after the plea in the instant cases -- the Applicant was given credit for 334 days served in the case, and only 103 days in the instant case. cf. **Finding of Fact at 3.** As a result, cause No. 7730 -- committed on or about January 30, 1992 -- is in actuality a prior conviction

**Page 4**

to the instant case, not a subsequent conviction as it predates the instant cases by 231 days. (cf. Finding of fact at 3.; Exhibit - C1) This issue will be further discussed below at Conclusions of Law no. 26. incorporated by reference herein.

## III.

## ERRONEOUS FINDING OF FACT CONTAINED WITHIN CONCLUSIONS OF LAW

The Court has made several Findings of Fact within the Conclusions of Law portion of the Order in the instant cases. Beginning at, Conclusions of Law 14. the Court found:

14. While Applicant claims that he could not have filed this Application previously because the victim resided in Arizona until just recently, it is clear from the face of the submitted affidavits that the notary public which witnessed them was from Maricopa County, Arizona. Clearly, Applicant could have contacted the victims and obtained the affidavits at any time in the last two decades.

This is a bare assertion unsupported by the factual record, and a mere bare assertion of the Court. The Applicant plainly stated within his Application:

"It is further noted that the Applicant was unable to obtain the Sworn Affidavit in this case until January 20, 2015, as the alleged victim was in Arizona. However, the alleged victim is residing in Texas, in Williamson County, and is available for any evidentiary hearing required in this case, should it be deemed necessary." **Id. at Ground One (emphasis added)**

The denotative substance of the Applicant's statements are clear; the alleged victim was **in Arizona**, hence the Maricopa County, Arizona, notary public witness. The Applicant never stated that the alleged victim ever lived in Arizona, nor that she in some way had moved back to Texas. The victim in the instant case has since executed two sworn affidavits in Texas, at

**Page 5**

the Williamson County Courthouse itself, thereby, excluding any doubts as to the authenticity of the Sworn Affidavits.

However, there is one glaringly clear problem with the Conclusion of Law Finding of Fact at **14.**, that is the statement: **"Clearly, Applicant could have contacted the victims and obtained the affidavits at any time in the last two decades."** **Id.** This is a violation of TDCJ-ID Administrative Directive 04.82, which prohibits contact with a victim or a victim's family without consent of TDCJ's Victim Services Division. Further, as proposed by the Court such contact by the Applicant would be a Felony of the Third Degree. Tex.Pen. Code § 38.111(d); Furthermore, this would include "either directly or through a third party, a victim of the offense or a member of the victim's family..." **Id.** See also, Tex.Gov't Code § 498.0042. Had the Applicant contacted the victim in the instant case any time within the past two decades, he would have been subject to a Third Degree Felony with a two to ten (2 - 10) year penalty, however, this would have been subject to enhancement rules under Tex.Pen. Code § 12.42, and as the indictment already contained a single enhancement paragraph, would have accrued a second paragraph, placing the Applicant at jeopardy of another life sentence.

No Court should require an Applicant to provide evidence from a source which requires him to face significant further penalties to obtain. Therefore, the reasoning of the Court is flawed, and clearly the Applicant could **not** have contacted the victims and obtained the affidavits at any time in the last two

decades, without facing possible punitive measures, including loss of all good time accrued, and enhanced felony charges in the instant case.

Next, at Conclusions of Law 15. & 16. the Court found:

15. Specifically Applicant has proved no reason why he only now has filed an affidavit from his own mother alleging that he was, at the time, living at the home which was burglarized.

16. This Court concludes that the Applicant has not provided any real reasons for the significant delay in presenting this application.

For the reasons outlined supra, at 14. the Applicant demonstrated plainly the reasons for the delay. As the Applicant cannot force a victim to contact him, nor execute an affidavit. The affidvaits of the victim demonstrates two things. 1) The the Applicant was a resident of the home at the time of the alleged burglary,, the value of the property taken was only equilizant to a misdeameanor, and 2) the victim has recanted the original report to reflect a true statement as to value. Either of these reasons standing alone or together are adequate to warrant relief. The laws of the State of Texas, and implemented Rules of TDCJ-ID, shown above provide adequate preventative measures implemented by the State itself to discourage contact by the Applicant of his victims. (See, 14. supra, incorporated by reference herein.) The Court's Finding of Fact under Conclusions of Law 15. & 16. are in direct conflict with the facts of the case, and the laws of the State of Texas, and rules and regulations of TDCJ-ID at AD-04.82.

Page 7

Next, at Conclusion of Law 17., 18., & 19. the Court found:

17. Applicant's twenty year delay in filing this application significantly prejudiced the State to meaningfully respond to the factual basis claimed.

18. Even though the State need not show a particularized prejudice, it is prejudiced by faded memories of law enforcement and the victims, by the diminished availability of witnesses, and by the lack of physical evidence from twenty years ago.

19. Therefore, this application for writ of habeas corpus is barred by the equitable doctrine of laches.

These three Factual Findings contained within the Conclusions of Law portion of the Order in the instant case all revolve around a single precept: That the State claims prejudice as a result of the delay in filing. However, this is far from the truth.

First, the State offers no legitimate reason for any alleged prejudice. The State claimed within the State's Reply in the instant case -at p. 4, that: "However, the State anticipates affidavits or other evidence will show that when law enforcement responded..." (95-039-K277A, State's Reply at p. 4, concerning availability of detectives in the instant case.) Thus, the State has the police reports, and officers in the instant case available, and no prejudice is shown. Next, the victim in the instant case is quite adamant about the innocence of the Applicant, and executed four (4) sworn affidavits, and displayed an increasing willingness to testify on his behalf. Thus, there can be no prejudice as to memories, or availability in either case. As far as lack of physical evidence, the State has all the police reports, witness statements, and pawn receipts available

**Page 8**

to demonstrate it's case. However, quite simply, the State after review was unable to prove up it's points of contention, and made no attempt to do so once it realized the Applicant's grounds were valid.

Thus, as the Order of the Court on these three contentions centers around the State's contentions, which are unproven and unfounded, the issues concerning laches is moot.

Therefore, in the instant case, the application for writ of habeas corpus is not barred by the equitable doctrine of laches, as all the evidence available in 1995, is readily available.

Next, under (confinement) Conclusions of Law 20., 24., 25., 26. & 27. the Court found:

20. Even if not barred by Laches, Applicant has failed to prove that he is suffering any confinement resulting from this conviction, a fact necessary to establish jurisdiction.

24. In this case, Applicant's 20 year sentence in this matter has expired, and Applicant has not alleged any further confinement resulting from his conviction. Therefore, this Court concludes that Applicant is not being physically confined as a result of this conviction.

25. Further, Applicant has not alleged that he is suffering from any collateral consequences as a result of his conviction.

26. Even beyond what is alleged, this Court observes that Applicant is currently serving a life sentence in TDCJ on one of his felony conviction which arose after his conviction in this case. However, even if this instant conviction were used to enhance of habitualize Applicant in any of his subsequent cases, it would not be the only case capable of doing so, as Applicant has been convicted of five other felonies, and any one or two of those would have been sufficient regardless of his instant conviction in this case.

27. Lacking a showing of either actual confinement or continuing collateral consequences, this Court concludes that this application in its entirety should be dismissed for a lack of jurisdiction.

As stated above in reference to the Finding of Fact nos. 4. & 5., the Applicant as of date is currently serving time on the instant cases until the maximum expiration date of June 23, 2015. Thus, establishing jurisdiction under statute, "Confinement means confinement for any offense or any collateral consequences resulting from the conviction that is the basis of the instant habeas corpus." Tex. Code Crim. Proc. art. 11.07 § 3(c). Thus, the Applicant need not have plead any additional jurisdiction in the instant case as the sentence as of May 22, 2015, had not expired as alleged in the Court's Finding of Fact, and Conclusions of Law.

Furthermore, there is a collateral consequence in the instant case, as demonstrated above, cause no. 02-275-K277, was "stacked" on top of the instant cases, thereby, demonstrating that there is indeed a collateral consequence to the instant cases. The Applicant has not earned a single day in cause no. 02-275-K277 as a result of the instant convictions. (See, Exhibit - B1) Therefore, the Applicant, though not required to, demonstrates both continued jurisdiction though his active -- not fully served -- cases, and the collateral consequences of the stacked fifteen year sentence in cause no. 02-275-K277.

Thus, Sections 24., 25., 26. & 27., are unfounded and clearly erroneous in their factual analysis compared to the law. The Applicant was as of May 22, 2015, currently confined in the instant cases, and continues to suffer collateral consequences for the next thirteen and a half (13½) years as a result of the stacking order in cause no. 02-275-K277.

Page 10

The Court observed in No. 24. that "any one or two of those would have been sufficient..." **Id.** regarding enhancement purposes. However, minus benefit of cause no. 94-039-K277, and 95-040-K277, no prior or subsequent enhancement and/or habitualization as a result of Applicant's prior convictions, would have resulted in the life sentence in cause No. 10,208, from the 21st Judicial District Court of Bastrop Conty, Texas, as the enhancement would have been only a single paragraph, not two paragraphs for enhancement purposes.

## IV.

## FAILURE TO ADDRESS THE MERITS OF CLAIMS

In the instant case, the District Court wholly failed to make any decision as to the effectiveness of counsel. Therefore, the Applicant reasserts his claims at this time, and respectfully request a further finding on this matter.

Furthermore, the Applicant properly filed an amended Application on or about May 18, 2015, which contained the **Ground Four**: Actual Innocence, and Newly Discovered Evidence in the instant cases. This Honorable Court has failed to properly address these claims as well. The operative substance of these claims were contained within the original application, and responded to by the State. Further, additional evidence was brought to light after the filing of the original application which necessitated the filing of the amended application. These additional facts, demonstrated the State's complicity and egregious conduct in the original cases, and filing in this case, both in 1995, and 2015.

**Page 11**

Therefore, the Applicant respectfully request further findings of fact and conclusions of law to properly address the merits of all the Applicant's claims.

## V.

## CONCLUSION

**WHEREFORE PREMISES CONSIDERED,** the Applicant, objects most ardently to the findings of fact and conclusions of law in the instant cases as clearly erroneous, as demonstrated by the record, and Applicant moves for this Honorable Court to adopt the Applicant's Proposed Finding of fact and Conclusions of Law.

Therefore, the Applicant respectfully request either the Court of Criminal Appeals, remand the case back to the trial court for further findings of fact and conclusions of law, hold an evidentiary hearing, or GRANT the Application for Writ of Habeas Corpus as a result thereof, as the Applicant has significantly prevailed in the instant cases.

Respectfully submitted,

Charles Christopher Lancaster
TDCJ-ID # 1256143
Eastham State Farm
2665 Prison Road # 1
Lovelady, Texas

Executed on this the **8th** day of **June, 2015.**

## UNSWORN DECLARATION

I, Charles Christopher Lancaster, declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

28 U.S.C. § 1746

Executed on this the **8th** day of **June, 2015.**

Charles Christopher Lancaster
TDCJ-ID # 1256143
Eastham State Farm
2665 Prison Road # 1
Lovelady, Texas 75851

**EXHIBIT - A1**

**TDCJ-ID OFFICIAL RESPONSE AS TO MAXIMUM DATE**

**JUNE 23, 2015**

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I have two habeas corpus' pending in the Court of Criminal Appeals, and need to verify whether or not the following cases have ceased to operate?
1: Cause No. 95-039-K277, Williamson County, Texas 20 years TDCJ-ID;
2: cause No. 95-040-K277, Williamson County, Texas 20 years TDCJ-ID.
I need to know whether these cases are still active, and if so when do they cease to operate?
Thank you for your assistance,

Name: **Charles Christopher Lancaster**     No: **1256143**     Unit: **Eastham**

Living Quarters: **3 Dorm - 58 Bunk**     Work Assignment: **Garment Factory**

**DISPOSITION:** (Inmate will not write in this space)

Yes, as of date both cases are active.
In both cases the max date is 6-23-2015.

K. Prater
Law Lib

☆I-60 (Rev. 11-90)

EXHIBIT - B1

CAUSE NO. 02-275-K277

277th JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY, TEXAS

ORDER STACKING SENTENCE ON:

95-039-K277 & 95-040-K277

AND INDICTMENT IN SAID CAUSE

Exhibit "V"

Counts 1: **Theft**  Penal code sec. 31.03 SJF habitual (F2)

Count 2: **Unauthorized Use of a Vehicle**  Penal code sec. 31.07 SJF habitual (F2)

Counts 3: **Theft**  Penal code sec. 31.03 SJF habitual (F2)

COPY TO BE SERVED ON DEFENDANT

Indictment in the 277th Judicial District Court of Williamson County, Texas

No. 02-275-K277

SID: TX03972529

# STATE OF TEXAS
## V.
# CHARLES CHRISTOPHER LANCASTER

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jury for the **January 2002** term of the **277th** Judicial District Court of Williamson County, Texas, having been duly selected, empaneled, sworn, charged and organized, presents that before the presentment of this indictment,

### Count One

on or about the **29th** day of **December, 2001**, in the County of Williamson and State of Texas, **Charles Christopher Lancaster**, hereinafter "defendant",

acquired or otherwise exercised control over property, namely, **a truck**, which had a value of $1,500 or more, without the effective consent of **Tamara Fuller**, the owner, and with intent to deprive the owner of the property,

### Count Two

The Grand Jury further presents that on or about the **29th** day of **December, 2001**, in the County of Williamson and State of Texas, **Charles Christopher Lancaster**, hereinafter "defendant",

intentionally or knowingly operated a motor-propelled vehicle, namely, **a truck**, owned by **Tamara Fuller**, without the effective consent of the owner,

### Count Three

The Grand Jury further presents that on or about the **1st** day of **December, 2001**, in the County of Williamson and State of Texas, **Charles Christopher Lancaster**, hereinafter "defendant",

acquired or otherwise exercised control over property, namely, **tools and a television**, which had a value of $1,500 or more, without the effective consent of **Carl Deike**, the owner, and with intent to deprive the owner of the property,

**FILED**

at 6:05 o'clock P M

MAR 2 8 2002

District Clerk, Williamson Co., TX

166

No. 02-275-K277

THE STATE OF TEXAS                    IN THE 277TH DISTRICT COURT

VS.                                   OF

CHARLES CHRISTOPHER                   WILLIAMSON COUNTY, TEXAS
LANCASTER

## MOTION TO CUMULATE SENTENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through her Assistant District Attorney, Jane Starnes, and moves the Court to cumulate the sentence assessed in the above cause number with the sentences in cause numbers 95-039-K277 and 95-040-K277 and as grounds therefore shows the following:

I.

The defendant was sentenced to 20 years TDCJ-ID in cause numbers 95-039-K277 (Burglary of a Habitation) and 95-040-K277 (Theft) on or about April 10, 1995. Those two sentences ran concurrently. He was paroled on those cases in July, 2001. Defendant was on parole in those cases when cause number 02-275-K277 was committed, and a motion to revoke the defendant's parole has been filed by the Pardons and Parole Division, TDCJ.

II.

As part of a plea agreement, the defendant has agreed that the issue of whether cause number 02-275-K277 will run consecutively or concurrently with cause numbers

4

95-039-K277 and 95-040-K277 will be decided by the Court after hearing evidence on that issue. The defendant is well aware that the State is asking the Court to impose a consecutive sentence.

## III.

The interests of justice would be best served by beginning the sentence imposed in cause number 02-275-K277 when the sentence in 95-039-K277 and 95-040-K277 has ceased to operate.

WHEREFORE PREMISES CONSIDERED, THE STATE OF TEXAS moves the Court to cumulate the sentence so that justice may be done.

Jane Starnes
Assistant District Attorney
Williamson County, Texas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been delivered to counsel for the defendant, Russ Hunt, Jr., on this the 19th day of May, 2003.

Jane Starnes

No. 02-275-K277

| THE STATE OF TEXAS | IN THE 277TH DISTRICT COURT |
|---|---|
| VS. | OF |
| CHARLES CHRISTOPHER LANCASTER | WILLIAMSON COUNTY, TEXAS |

## ORDER

After hearing evidence on the State's Motion to Cumulate Sentence. the Court hereby orders that the sentence in cause number 02-275-K277 run

___✓ CONSECUTIVELY

_____ CONCURRENTLY

to cause number 95-039-K277 and 95-040-K277, the defendant's parole revocation cases.

*S/. J. KEN ANDERSON*
Presiding Judge, 277th Judicial District Court
Williamson County, Texas

Signed 5/23/03

6

**EXHIBIT - C1**

**CAUSE NO. 7730**

**21st JUDICIAL DISTRICT COURT OF BASTROP COUNTY, TEXAS**

**JUDGEMENT, PROBATION REVOCATION, INDICTMENT**

NO. 7730

THE STATE OF TEXAS

VS

CHARLES LANCASTER

IN THE 21ST JUDICIAL DISTRICT

COURT OF

BASTROP COUNTY, TEXAS

## JUDGEMENT REVOKING PROBATION

JUDGE PRESIDING: Harold Towslee DATE OF JUDGEMENT: May 30th, 1995

ATTORNEY FOR STATE: CHARLES D. PENICK

ATTORNEY FOR DEFENDANT: Art Keinarth

OFFENSE CONVICTED OF: Burglary of a Habitation

DEGREE:                                          DATE OFFENSE COMMITTED: January 30, 1992

DATE OF PROBATION ORDER: June 19, 1992

PARAGRAPH VIOLATED AND GROUNDS FOR REVOCATION: 21) Defendant failed to remain incarcerated in Bastrop County Law Enforcement Center until transported to Bastrop County Restitution Center.

AS SET OUT IN STATE'S ORIGINAL PETITION TO REVOKE PROBATION

ORIGINAL PUNISHMENT ASSESSED:

Ten (10) years Texas Department of Criminal Justice/Institutional Division, probated ten (10) years

FINDINGS ON USE OF DEADLY WEAPON: None

PUNISHMENT IMPOSED AND PLACE OF CONFINEMENT: Defendant is sentenced to nine (9) years in the Texas Dept. of Criminal Justice Institutional Division

DATE OF SENTENCE: May 30, 1995    COSTS: $84.50

TIME CREDITED: Credit for 334 days served

TOTAL AMOUNT OF RESTITUTION/REPARATION:

CONCURRENT UNLESS OTHERWISE SPECIFIED.
(r)

vol. VV  r. 819

NO. _7730_                                              BOND $_10,000 00_

THE STATE OF TEXAS VS. CHARLES LANCASTER          21ST DISTRICT COURT

CHARGE:  Burglary of Habitation

WITNESS:  CHRIS WALKER

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

     THE GRAND JURY, for the County of Bastrop, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the JANUARY Term A.D. 1992 of the 21st Judicial District Court for said County, upon their oaths present and to said court at said term that CHARLES LANCASTER hereinafter styled Defendant, on or about the 30th day of January A.D. 1992, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally, without the effective consent of THOMAS YOUNG , the owner thereof, enter a habitation with intent to commit THEFT

against the peace and dignity of the State.

DUPLICATE

                                       _____

                                       FOREMAN OF THE GRAND JURY

ORDER REVOKING PROBATION (FELONY)

On the **2nd** day of **September, 1994,** the District Attorney of **Bastrop** County, Texas, filed with the Judge of said Court a written report, setting out the respects in which the defendant had violated the conditions of probation, to wit:

Defendant violated condition number twenty-one (21) which was defendant will remain incarcerated in Bastrop County Law Enforcement Center until transported to Bastrop County Restitution Center, to-wit: defendant has failed to remain incarcerated in the Bastrop County Law Enforcement Center as required.

On the 30th day of May , 19 95 the defendant appeared in open Court in person, **his** attorney, Art Kenarth also being present, and the State appeared by her District Attorney and the Probation Officer of said Court, and after examining said written report and hearing the evidence offered by both the State and the defendant, the Court is of the opinion that the defendant, **Charles Lancaster,** violated the terms and conditions of this probation in this respect:

Defendant violated condition number twenty-one (21) which was defendant will remain incarcerated in Bastrop County Law Enforcement Center until transported to Bastrop County Restitution Center, to-wit: defendant has failed to remain incarcerated in the Bastrop County Law Enforcement Center as required.

It is therefore ORDERED, ADJUDGED, and DECREED by the Court that the order suspending the imposition of the sentence, and placing the defendant on probation, heretofore entered in this said cause be, and the same is hereby revoked, and the defendant sentenced to serve Nine (9) years in the Texas Department of Criminal Justice/Institutional Division, and ordered to pay to the Clerk of the District Court of Bastrop County: $2178.00 restitution; $ — fine; $84.50 court costs; $200.00 Court appointed attorney fees; as a condition of parole, and the said defendant, **Charles Lancaster,** who has been adjudged guilty of the offense of **Burglary of a Habitation** and he be taken by the authorized agent of the State of Texas or by the Sheriff of Bastrop County, Texas, and by him safely conveyed and delivered to the Director of said Texas Department of Criminal Justice/Institutional Division there to be confined in the manner and for the period aforesaid.

It is further the ORDER of this Court that the Defendant be given credit for time served in custody as follows:

Given credit for 334 days served

Signed this the 30th day of May , A.D. 19 95 .

APPROVED AS TO FORM:

_____        _____
ASSISTANT DISTRICT ATTORNEY            JUDGE PRESIDING

                                           BASTROP COUNTY, TEXAS
                                           (r)

_____
↑FINGERPRINT OF RIGHT INDEX FINGER OF DEFENDANT↑